IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

EDDIE BOYER,

    Plaintiff,

 vs.            **Case No. 09-4086-RDR**

MICHAEL J. ASTRUE,
Commissioner of Social
Security,
    Defendant.

**MEMORANDUM AND ORDER**

  On January 8, 2008, plaintiff filed applications for social security disability income benefits and supplemental security income benefits. These applications alleged a disability onset date of May 30, 2007. On November 4, 2008, a hearing was conducted upon these applications. The administrative law judge (ALJ) considered the evidence and decided on February 3, 2009 that plaintiff was not qualified to receive benefits on either application. The Appeals Council refused to review the ALJ's decision which was then adopted by defendant. This case is now before the court upon plaintiff's motion to review the decision to deny plaintiff's applications for benefits.

I. STANDARD OF REVIEW

  To qualify for disability benefits, a claimant must establish that he is "disabled" under the Social Security Act, 42 U.S.C. § 423(a)(1)(E). This means proving that the claimant is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." § 423(d)(1)(A). But, disability benefits can only be awarded to claimants who can show that they were disabled prior to the last insured date. §§ 423(a)(1)(A) & 423(c).

For supplemental security income claims, a claimant becomes eligible in the first month where he is both disabled and has an application on file. 20 C.F.R. §§ 416.202-03, 416.330, 416.335.

The court must affirm the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the proper legal standards. Rebeck v. Barnhart, 317 F.Supp.2d 1263, 1271 (D.Kan. 2004). "Substantial evidence" is "more than a mere scintilla;" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id., quoting Richardson v. Perales, 402 U.S. 389, 401 (1971).

II. THE ALJ'S DECISION (Tr. 13-23).

The ALJ made the following findings in his decision. He decided that plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. (Tr. 15). He found that plaintiff has not engaged in substantial gainful activity since May 30, 2007. (Tr. 15). He further found that plaintiff has two "severe impairments": symptoms relating to a cervical spine fusion and symptoms relating to bilateral carpal tunnel releases.

2

(Tr. 15). The ALJ considered evidence that plaintiff suffers from attention deficit hyperactivity disorder (ADHD), but decided the plaintiff's ADHD symptoms are non-severe and cause no more than a minimal limitation in plaintiff's ability to perform basic mental work activities. (Tr. 15-16). The ALJ determined that plaintiff does not have an impairment or combination of impairments that meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. He decided that plaintiff has the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except for work requiring reaching overhead more than occasionally, frequent rapid repetitive hand movements more than occasionally, or exposure to more than moderate vibration and extreme cold temperatures. (Tr. 17). The ALJ found that plaintiff is unable to perform any past relevant work as a cabinet maker, home health care provider, parts cleaner, plumber, electrician, heavy equipment operator or feed mill operator/truck driver. (Tr. 22). But, considering plaintiff's age, education, work experience and RFC, the ALJ concluded that plaintiff can perform jobs that exist in significant numbers in the national economy. (Tr. 22). The ALJ relied upon the grid regulations to make this conclusion. He did not employ the testimony of a vocational expert.

III. PLAINTIFF'S ARGUMENTS

    A.  <u>Dr. Adams</u>

3

Plaintiff's first argument is that this matter should be remanded for further consideration because the ALJ's decision failed to properly consider, discuss and incorporate the opinion of Dr. Adams with regard to plaintiff's ADHD and its impact upon plaintiff's RFC. Dr. Adams acted as a state agency consultant in this matter. She did not personally examine plaintiff.

Dr. Adams filled out a psychiatric review technique form (PRTF) regarding plaintiff. The form indicates that plaintiff has "ADHD mild." (Tr. 205). It further indicates the following functional limitations: mild limitations in activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation. (Tr. 214).

Dr. Adams also completed a mental RFC assessment form. This form lists eleven aspects of understanding and memory, and sustained concentration and persistence. Dr. Adams found no significant limitation in eight areas and moderate limitations in the following areas: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; and the ability to maintain attention and concentration for extended periods. (Tr. 218). She commented:

> The claimant can understand and follow simple and intermediate level instructions, he would likely have difficulty performing more complex tasks.
> ....
> The claimant shows reduced sustained concentration but can still perform simple and intermediate level tasks.

4

> He can complete a normal work week [from] a psychological standpoint.

(Tr. 220). In her notes, Dr. Adams also commented that plaintiff's "memory seems adequate." (Tr. 216).

The ALJ found that plaintiff's ADHD was a non-severe impairment because it would cause no more than minimal limitations in plaintiff's ability to perform basic mental work activities. (Tr. 15-16). In making this finding, the ALJ relied upon a PRTF completed by Dr. Warrender. This form also showed that plaintiff had mild ADHD. (Tr. 227). The only limitation listed on the form was "mild" difficulty with maintaining concentration, persistence or pace. (Tr. 236). The ALJ also relied upon an examination conducted by Dr. Schwartz on April 18, 2008. Dr. Adams made reference to Dr. Schwartz's examination in her PTRF as well. (Tr. 216). Dr. Schwartz commented in his report of the examination:

> [Plaintiff] indicates that his main problems are his physical limitations and pain, although he does have some problems with attention and concentration and feels he has had these problems since he was a young child.
> ....
> I believe [plaintiff] can remember work location and procedures and understand and follow simple directions. I believe he had adequate attention, concentration and short term memory. I did not detect any severe psychiatric symptoms which would prevent his working.

(Tr. 225).

We believe the ALJ considered Dr. Adams' reports. He made general statements in his decision which indicated that he considered a variety of exhibits, including Dr. Adams' reports.

5

(Tr. 17 & 21).

The ALJ did not discuss Dr. Adams' reports. However, we do not believe this is grounds for remand. The Tenth Circuit has commented that an ALJ is not required to discuss every piece of evidence:

> The ALJ is not required to "discuss every piece of evidence." Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir. 2007). On the contrary, we will generally find the ALJ's decision adequate if it discusses the "uncontroverted evidence" the ALJ chooses not to rely upon and any "significantly probative evidence" the ALJ decides to reject. Id.

Wall v. Astrue, 561 F.3d 1048, 1067 (10th Cir. 2009). The reports from Dr. Adams are not "uncontroverted evidence." Dr. Adams' reports are "controverted" in the respect that Dr. Warrender completed the same PRTF and checked different boxes as to whether plaintiff suffered a moderate, mild or no mental limitation. Dr. Adams' reports are uncontroverted in the sense that both Dr. Adams and Dr. Warrender characterized plaintiff's ADHD as "mild" and both repeated the commentary from Dr. Schwartz's examination. However, the ALJ also considered plaintiff's ADHD to be "mild" and gave weight to Dr. Schwartz's report. So, to this extent, Dr. Adams' report was not rejected by the ALJ.

The reports from Dr. Adams are not "significantly probative" because they consist largely of a checklist completed by a non-examining physician. See Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987) (checklist report from a non-examining physician,

6

"standing alone, unaccompanied by thorough written reports or persuasive testimony, [is] not substantial evidence"). The narrative remarks of Dr. Adams are not significantly different from the remarks of Dr. Schwartz and Dr. Warrender. Hence, the failure to discuss these comments is not a substantial error when the ALJ said he gave weight to virtually the same comments by Dr. Schwartz and Dr. Warrender.

Plaintiff argues that Dr. Adams' reports indicate that plaintiff has a severe mental impairment and that the ALJ's failure to make that finding is an error. The court disagrees. A "non-severe impairment" does not "significantly limit" the ability to do "basic work activities." 20 C.F.R. § 404.1521(a). "Basic work activities" means "the abilities and aptitudes necessary to do most jobs" including "understanding, carrying out, and remembering simple instructions" and "dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b).

Dr. Adams' notes and comments indicate that plaintiff's ADHD does not significantly limit his ability to do "basic work activities." She noted:

> We received an employer report indicating that the claimant worked [full-time], had no impairments and had no difficulty working or performing his duties.
> . . . .
> [Activities of daily living] were completed independently and indicate that the claimant helps his wife, takes care of pets, takes care of his hygiene and his wife reminds him to take his medication. He cooks, does household and outdoor chores, drives and goes out alone, shops and can manage the couple's finances. . . . He is fair at

7

> following both verbal and written instructions.
> . . . .
> He was oriented X3, recalled 3/3 words in five minutes, had some difficulty with serial 7's and 3's, and repeated 5 digits forward and 2 backward. He reported he had always had trouble with concentration.
> . . . .
> The claimant's allegation of trouble with memory and concentration is partially credible. He does have reduced concentration but his memory seems adequate.

(Tr. 216).

> The claimant shows reduced sustained concentration, but can still perform simple and intermediate level tasks. He can complete a normal work week [from] a psychological standpoint.
> . . . .
> Evidence indicates that the claimant is capable of making plans, responding to changes, avoiding hazards, following rules and maintaining a schedule.

(Tr. 220).

There is no indication that by checking "moderately limited" Dr. Adams meant that plaintiff did not have the mental ability and aptitude to understand and carry out simple instructions or to meet the demands of usual work situations. Her narrative comments and her characterization of plaintiff's ADHD as "mild" suggest otherwise. Therefore, we find that Dr. Adams' reports do not support a finding that plaintiff has a "severe" mental impairment.[1]

---

[1] The court also notes that several decisions indicate that there is no accepted definition of "moderate" in RFC assessments which ALJs are expected to follow. See Johnson v. Astrue, 2009 WL 536603 at *4 (W.D.La. 2/4/2009)(the regulations and Program Operations Manual System ("POMS") do not directly define "moderate"); Dunn v. Astrue, 563 F.Supp.2d 950, 959 (W.D.Wis. 2008)("moderate" is not defined in the regulations or on the forms completed by the state agency psychologists); Tibbs v. Astrue, 2008 WL 2705175 at *9 (C.D.Cal. 7/7/2008)(federal regulations do not

B. <u>Jessica Rother</u>

Plaintiff argues that this matter should be remanded because the ALJ failed to consider the physical RFC assessment performed by Jessica Rother. (Tr. 196-203). We reject this argument for two reasons. First, Jessica Rother appears to be a lay person. The assessment does not indicate that she has medical credentials. (Tr. 203). Another exhibit in the record refers to her as a "case worker." (Tr. 193). A lay person's opinion with regard to a claimant's physical RFC is not entitled to weight from the ALJ. <u>McGlothin v. Astrue</u>, 2009 WL 2407699 at *3 (D.Kan. 8/4/2009) (citing other district court cases). Second, the narrative statements of Jessica Rother are basically the same as the statements of Dr. Parsons in the physical RFC assessment which Dr. Parsons completed, although they checked different boxes in the checklist portion of the assessments. (Tr. 240-248). The ALJ relied upon Dr. Parsons' report in making his decision. (Tr. 19-20). As previously noted, the Tenth Circuit in the <u>Frey</u> decision has indicated a checklist assessment by a person who has not examined the claimant is not "substantial evidence" which an ALJ is required to consider. The important part of the assessments is the narrative commentary. The ALJ's consideration of Dr. Parsons'

---

define the term "moderate" with regard to limitations); see also, <u>Lembke v. Barnhart</u>, 2006 WL 3834104 at *11 n.6 (W.D.Wis. 12/29/2006)(adjudicators are instructed not to consider summary conclusions on a RFC assessment, but rather should use the narrative RFC assessment written by the consultant).

9

narrative comments should count as a consideration of the quite similar comments by Jessica Rother.

   C. <u>Harmless error</u>

   Finally, plaintiff contends that the ALJ's alleged errors in failing to consider the reports of Dr. Adams and Jessica Rother are not harmless; instead, they require remand so that the ALJ may consult a vocational expert to assess plaintiff's ability to work. Of course, the court must reject this contention because we find that the ALJ did not make the errors alleged by plaintiff.  In addition, we would note that in <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1076-77 (9th Cir. 2007), the court held that if it was an error to find that the claimant's depression was a non-severe impairment, there was still substantial evidence to support the ALJ's conclusion that the claimant's depression was not sufficiently severe to prohibit the ALJ's reliance on the grid regulations without the assistance of a vocational expert. The court made this finding even though a mental RFC assessment determined that the claimant was moderately limited in:  his ability to maintain attention and concentration for extended periods; his ability to perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerance; and his ability to complete a normal workday and workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

Plaintiff's alleged mental limitations are substantially fewer than those documented in Hoopai.

IV. CONCLUSION

The court is convinced that the decision to deny benefits in this case followed the proper legal standards and is supported by substantial evidence.  Therefore, the court affirms defendant's decision to deny plaintiff's applications for disability income benefits and supplemental security income benefits.

**IT IS SO ORDERED.**

Dated this 26th day of February, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge